**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
ROBERT KEMP, Individually and :
On Behalf of All Others :
Similarly Situated, :
:
           Plaintiff, :
: 05 Civ. 9883 (JFK)
   -against- : **MEMORANDUM OPINION & ORDER**
:
UNIVERSAL AMERICAN FINANCIAL :
CORP.; ROBERT A. BARASCH; :
ROBERT A. WAEGELEIN; and :
GARY W. BRYANT, :
:
           Defendants. :
------------------------------:
WESTERN WASHINGTON LABORERS- :
EMPLOYERS PENSION TRUST, :
Individually and On Behalf of :
All Others Similarly Situated,:
:
           Plaintiff, :
: 06 Civ. 871 (JFK)
   -against- : **MEMORANDUM OPINION & ORDER**
:
UNIVERSAL AMERICAN FINANCIAL :
CORP.; ROBERT A. BARASCH; :
ROBERT A. WAEGELEIN; and :
GARY W. BRYANT, :
:
           Defendants. :
------------------------------X

**JOHN F. KEENAN, United States District Judge**:

      Before the Court are motions (i) to consolidate two related cases, <u>Kemp v. Universal American Financial Corp., et al</u>, 05 Civ. 9883, and <u>Western Washington Laborers-Employers Pension Trust v. Universal American Financial Corp., et al</u>, 06 Civ. 871; (ii) for appointment of lead plaintiff; and (iii) for approval of selection of lead counsel.

## Background

These class action securities fraud cases are brought under the Securities Exchange Act of 1934; § 10(b), § 20(a) and Rule 10b-5. Plaintiffs purchased securities from Defendant, Universal American Financial ("Universal") between Feb. 16, 2005 and Oct. 28, 2005. Plaintiffs allege that Universal, a health and life insurance company, issued false and misleading statements regarding its financial performance. The specific statements were in reference to Universal's "medical loss ratio." An increase in this ratio indicates that the company is growing less profitable. Universal claimed to monitor its medical loss ratio and allegedly made statements that it was reversing a negative trend in its ratio; in other words, that the company would be growing more profitable.

On Oct. 28, 2005, Universal announced a 22% decline in net income. After the announcement, the company's share prices dropped by 33% or $7.50 a share.

Plaintiffs claim that Universal issued false statements as part of a scheme to allow insiders to sell their privately held shares while the shares were artificially inflated. As a result of this scheme, Plaintiffs allegedly purchased inflated common stock.

During the class period, Chief Executive Officer Richard A. Barasch sold more than 160,000 shares. Chief Financial Officer and Executive Vice President Robert A Waegelein sold 60,000 shares. Chief Operations Officer Gary W. Bryant sold 120,000. All sales were made,

2

according to the complaint, while each officer was in possession of material adverse non-public information about Universal.

Discussion

1. Consolidation of Related Cases

First, the Court hereby orders the above-captioned cases consolidated pursuant to Federal Rule of Civil Procedure 42(a), because both actions relate to the same series of allegedly false and misleading statements and arise under the Exchange Act. Fed.R.Civ.P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial . . .").

2. Appointment of Lead Plaintiff

Second, the Court grants Western Washington Laborers-Employers Pension Trust's ("Western Washington") motion for appointment as lead plaintiff. Marc Edwards and Howard Oldenberg have also filed a motion to be appointed as lead plaintiff. Western Washington opposes the motion filed by Edwards and Oldenberg. Western Washington's motion is unopposed.

When considering lead plaintiff motions under the Private Securities Litigation Reform Act of 1995,

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that --
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii).

Here, Western Washington has filed a complaint in the action. It also has the largest financial interest in the litigation. During the class period, Western Washington purchased 47,350 shares of Universal American and lost almost $53,000 in connection with the alleged misconduct of the defendants. Movants Edwards and Oldenberg purchased only 1,999 shares of Universal American and suffered $7,228 of damages as a result of defendants' alleged misconduct.

Western Washington otherwise satisfies the requirements of Fed.R.Civ.P. 23. Rule 23 lists four requirements as prerequisites to a class action: numerosity, commonality, typicality, and adequacy. "At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." In re Crayfish Co. Sec. Litig., 2002 WL 1268013, *4 (S.D.N.Y. 2002) (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 2002)) (citing Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001)).

To make a preliminary showing of typicality, the lead

plaintiff must assert claims that arise from the same conduct from which the other class members' claims arise. Id. at *5. Western Washington satisfies the typicality requirement because, just like all other members of the putative class, it purchased Universal American shares during the class period, allegedly in reliance on the false and misleading statements by defendants, and suffered damages as a result thereof.

To make a preliminary showing of adequacy of representation, the movant must show that its proposed class counsel is qualified, experienced, and able to conduct the litigation; its interests are not antagonistic to the class; and that it "has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Id. (citing Weltz, 199 F.R.D. at 133). Western Washington has made this showing. Its proposed class counsel, Samuel H. Rudman and David A. Rosenfeld of the law firm Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin"), appear qualified to conduct this litigation. (Mem. L. at 7 ("Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors."); Rosenfeld Aff. Ex. D (Lerach Coughlin firm resume.)) In addition, Western Washington has certified to its willingness to serve as representative of the class. (Rosenfeld Aff. Ex. B.)

No evidence of antagonism between Western Washington and

the class members has been offered to the Court, and because Western Washington has such a large financial stake in the outcome of this case, its interest seems sufficient to ensure vigorous advocacy.

Western Washington is, therefore, entitled to a rebuttable presumption that it should be appointed lead plaintiff. Because its motion is unopposed, this presumption stands. See 15 U.S.C. 78u-4(a)(3)(B)(iii)(II) ("The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class . . .") Western Washington is hereby appointed lead plaintiff in this consolidated case.

3. Approval of Lead Counsel

The lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 78u-4(a)(3)(B)(iv). Western Washington, the lead plaintiff, has selected Samuel H. Rudman and David A. Rosenfeld of the law firm Lerach Coughlin. As discussed above, proposed counsel is experienced and capable. Western Washington's selection of lead counsel is approved.

SO ORDERED.

Dated:    New York, New York
          May  / , 2006

                                    /s/ John F. Keenan
                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge